IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO.  1:25-cv-410

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| vs. | ) | |
| | ) | |
| RV GREAT OUTDOORS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW** Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"),
pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C.
§ 2201, and alleges and says:

## Preliminary Statement

1.      Pursuant to 28 U.S.C. § 2201, Philadelphia seeks a declaratory judgment and
adjudication concerning the rights, obligations, and liabilities of the parties under a policy of
insurance issued by Philadelphia with respect to claims for coverage made by Defendant RV
Great Outdoors, LLC ("RVGO"), arising from alleged loss sustained by RVGO due to Hurricane
Helene ("the Claim.").

2.      Through this action, Philadelphia seeks a declaration that it owes no duty to
indemnify RVGO for any alleged unpaid losses arising out of the Claim.

## Jurisdiction

3.      Jurisdiction over the claims contained herein is invoked pursuant to
28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship among the parties
and the amount in controversy exceeds the sum of $75,000.

<u>**Venue**</u>

4.      This action properly lies in the U.S. District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this declaratory judgment action took place in this judicial district.

5.      More specifically, the Defendant is a North Carolina limited liability company with its registered office and mailing address located in this judicial district. Further, the property in question in located in this judicial district and division.

<u>**Parties**</u>

6.      Philadelphia Indemnity Insurance Company is a Pennsylvania corporation, with its principal place of business in the Commonwealth of Pennsylvania, and is authorized to conduct business in the State of North Carolina.

7.      Upon information and belief, Defendant RVGO was at all times mentioned herein a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business in Macon County, North Carolina.

8.      Upon information and belief, the sole member of RVGO is, and at all times mentioned herein was, a citizen of the State of Florida.

<u>**Facts**</u>

**A.  The Claim**

9.      Upon information and belief RVGO is a company that owns and operates a campground located in or around 321 Thumpers Trail, Franklin, North Carolina, and known as "The Great Outdoors RV Resort" ("the Property").

10.     Upon information and belief, the Property offers camping reservations to the public for RV and Motorhome sites.

11. On or around September 27, 2024, Hurricane Helene moved through the area where the Property is located.

12. RVGO submitted a claim to Philadelphia for damage allegedly resulting from the impact of Hurricane Helene at the Property on or around October 22, 2024.

13. On October 28, 2024, a representative of Engle Martin, an independent adjusting company engaged by Philadelphia to investigate and adjust the Claim, inspected the Property for damages. During that inspection, Engle Martin took photographs, prepared a report, and performed other necessary investigating and adjusting activity.

14. Engle Martin continued to investigate the claim on behalf of Philadelphia, and RVGO provided documents and information to it concerning the claim.

15. During this investigation, RVGO asserted that it suffered certain damages as a result of power failure during the storm. RVGO also asserted loss for water damage to a building ceiling and for cancelled reservations as a result of the storm.

16. Engle Martin's investigation noted that there was flooding and wash-out damage to various RV campsites at the Property.

17. RVGO sought coverage under the policy of insurance issued by Philadelphia for these damages, as well as business interruption expenses.

18. Philadelphia investigated the Claim and, during the course of the investigation, Philadelphia regularly updated RVGO regarding the progress of the investigation, additional needed information or documentation, and information regarding coverage under the Philadelphia policy for the claim.

19. During the pendency of its investigation, Philadelphia also issued multiple correspondences, reserving its rights pursuant to the Policy, and explaining its coverage position as to the submitted claim.

20.     As a result of its investigation, Philadelphia accepted and made payment under the Policy for damage to multiple power pedestals, circuit breakers, and a pool pump.  RVGO was notified of this payment by correspondence dated May 20, 2025.

21.     Philadelphia, though Engle Martin, continued to seek additional clarification and information regarding additional alleged damages, including via correspondences dated May 21, 2025, June 4, 2025, and July 3, 2025, without response from Plaintiff.

22.     On August 11, 2025, Philadelphia notified RVGO that if it did not receive any further response, it would assume RVGO was no longer seeking additional payment under the Policy.

23.     That same day, RVGO, through counsel, objected to Philadelphia's coverage analysis and sought payment of all damages submitted as part of the Claim.

24.     RVGO, through counsel, subsequently presented a proof of loss to Philadelphia, containing the same information and documents previously presented, which Philadelphia has rejected.

**B.  The Philadelphia Policy**

25.     Philadelphia issued a commercial lines policy of insurance, policy number PHPK2618418 ("the Policy"), to RV Great Outdoors, LLC, effective for the policy period of November 19, 2023 to November 19, 2024.

26.     The Policy contains a Commercial Property Coverage Part.[1]  A true, accurate, and complete copy of the policy is attached hereto as **Exhibit 1** and is herein incorporated by reference in this Complaint.

27.     The Policy includes three (3) specifically scheduled locations on the Locations Schedule, all located at 321 Thumpers Trail, Franklin, NC 28734-9280.

---

[1] References to "the Policy" will be to the Commercial Property Coverage Part, unless otherwise specified.

28.     The descriptions of these locations are set forth in the Locations Schedule of the

Policy as follows:

PI-LOC-SCH (08/20)

**Philadelphia Indemnity Insurance Company**

**Locations Schedule**

**Policy Number:** PHPK2618418

| Prems. No. | Bldg. No. | Address |
|---|---|---|
| 0001 | 0001 | 321 Thumpers Trl<br>Store/Office/Bath<br>Franklin, NC 28734-9280 |
| 0001 | 0002 | 321 Thumpers Trl<br>Bathrooms/Laundry<br>Franklin, NC 28734-9280 |
| 0001 | 0003 | 321 Thumpers Trl<br>Pumphouse<br>Franklin, NC 28734-9280 |

29.     Each of the premises is subject to a limit of insurance, deductible, and coinsurance amount, as more fully set forth in the "COMMERCIAL PROPERTY COVERAGE PART SUPPLEMENTAL SCHEDULE" in the Policy.

30.     This schedule also sets forth the limits, deductibles, and coinsurance amounts for certain Business Personal Property.

31.     This schedule also states that each coverage is subject to the "Special" Causes of Loss Form in the Policy.

32.     The Policy also contains the following under **A. Coverage**:

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.   Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

   **a. Building**, meaning the building or structure described in the Declarations, including . . .

   . . .

   **b. Your Business Personal Property** consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater. . . .

      . . .

**2. Property Not Covered**

Covered Property does not include:

. . .

   **d.** Bridges, roadways, walks, patios or other paved surfaces;

. . .

   **f.** The cost of excavations, grading, backfilling, or filling;

. . .

   **h.** Land (including land on which the property is located), water, growing crops or lawns (other than lawns which are part of a vegetated roof);

. . .

   **l.** Retaining walls that are not part of a building;

   **m.** Underground pipes, flues or drains;

. . .

   **p.** Vehicles or self-propelled machines (including aircraft or watercraft) that:

      **(1)** Are licensed for use on public roads; or

        **(2)** Are operated principally away from the described premises.

        . . .

. . .

**3. Covered Causes Of Loss**

    See applicable Causes Of Loss form as shown in the Declarations.

**4. Additional Coverages**

    **a. Debris Removal**

        **(1)** Subject to Paragraphs **(2)**, **(3)** and **(4)**, we will pay your expense to remove debris of Covered Property and other debris that is on the described premises, when such debris is caused by or results from a Covered Cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date of direct physical loss or damage.

        **(2)** Debris Removal does not apply to costs to:

            **(a)** Remove debris of property of yours that is not insured under this policy, or property in your possession that is not Covered Property;

        . . .

            **(e)** Remove deposits of mud or earth from the grounds of the described premises;

        . . .

            **(g)** Remove, restore or replace polluted land or water.

. . .

**B. Exclusions And Limitations**

    See applicable Causes Of Loss form as shown in the Declarations.

33.    The Policy also includes the following under **E. Loss Conditions**:

    . . .

**3. Duties In The Event Of Loss Or Damage**

    You must see that the following are done in the event of loss or damage to Covered Property:

. . .

    **(5)** At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

    **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

    Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    . . .

    **(8)** Cooperate with us in the investigation or settlement of the loss.

34.    The Policy also includes the following under **F.  Additional Conditions**:

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**1.  Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

    **a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

    Instead, we will determine the most we will pay using the following steps:

    **(1)** Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

    **(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1);**

    **(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2);** and

    **(4)** Subtract the deductible from the figure determined in Step **(3).**

We will pay the amount determined in Step **(4)** or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

35. The Policy also includes a "**CAUSES OF LOSS – SPECIAL FORM**" that is relevant to the Claim. This form includes the following:

**A.** **Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B.** **Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

. . .

**b. Earth Movement**

. . .

**(2)** Landslide, including any earth sinking, rising, or shifting related to such event.

. . .

**(4)** Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.

. . .

**g. Water**

**(1)** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

      **(2)** Mudslide or mudflow;

      **(3)** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

      **(4)** Water under the ground surface pressing on, or flowing or seeping through:

         **(a)** Foundations, walls, floors or paved surfaces;

         **(b)** Basements, whether paved or not; or

         **(c)** Doors, windows or other openings; or

      **(5)** Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **(1)**, **(3)** or **(4),** or material carried or otherwise moved by mudslide or mudflow.

      This exclusion applies regardless of whether any of the above, in Paragraphs **(1)** through **(5),** is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

      But if any of the above, in Paragraphs **(1)** through **(5),** results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

36.    The Policy also contains an "**EQUIPMENT BREAKDOWN PROTECTION ENDORSEMENT**," which includes its own schedule, containing "Coverages, Limits and Options," as more fully set forth in that Endorsement in **Ex. 1**.

37.    The following provisions are included in this endorsement:

**A. COVERAGE**

As respects coverage provided under this Policy, the following coverage is added:

    **1. Equipment Breakdown Protection**

       **Property Damage**

We will pay for direct physical damage to "Covered Property" located at the Covered Premises described in the Equipment Breakdown Protection Schedule resulting from a "Breakdown" to "Covered Equipment".

The most we will pay is the Limit of Insurance for Property Damage indicated in the Equipment Breakdown Protection Schedule.

**2. Coverage Extensions.** As respects coverage provided under this Equipment Breakdown Protection Endorsement only, the following is added:

You may extend the insurance provided by this Equipment Breakdown Protection Endorsement as follows. If coverage is selected on the Equipment Breakdown Protection Schedule, the most we will pay under these Coverage Extensions are the Limits of Insurance in such Schedule. These limits are a part of and not in addition to the total "Limit per One Breakdown".

These coverages apply only to that portion of the loss or damage that is a direct result of a "Breakdown" to "Covered Equipment" that is not excluded elsewhere in this Policy or this Equipment Breakdown Protection Endorsement.

If any of the following Coverage Extensions are selected, the Limit of Insurance identified for the applicable coverage extension shown in the Equipment Breakdown Protection Endorsement shall replace any limit as may be found elsewhere in this Policy with regard to coverage provided under this Endorsement only.

**a. Business Income**

If Business Income is selected in the Equipment Breakdown Protection Schedule, coverage for Business Income as provided elsewhere in this Policy is extended to include loss and expense resulting from a "Breakdown" to "Covered Equipment".

**b. Extra Expense**

If Extra Expense is selected in the Equipment Breakdown Protection Schedule, coverage for Extra Expense as provided elsewhere in this Policy is extended to include loss and expense resulting from a "Breakdown" to "Covered Equipment".

. . .

**d. Utility Services – Time Element**

If Utility Services – Time Element coverage is included under this Equipment Breakdown Protection Endorsement and Business Income and/or Extra Expense is also covered under this Endorsement, the selected coverage(s) are extended to include loss resulting from the interruption of utility services provided all of the following conditions are met:

(1) The interruption is the direct result of a "Breakdown" to "Covered Equipment" owned, operated or controlled by the local private or public utility or distributor that directly generates, transmits, distributes or provides utility services which you receive; and

(2) The "Covered Equipment" is used to supply air conditioning, communication services, electric power, gas, heating, refrigeration, steam, water or waste treatment to your Premises; and

(3) The interruption of utility service to your Covered Premises lasts at least the consecutive period of time shown in the Equipment Breakdown Protection Schedule.

. . .

## B. EXCLUSIONS

1. As respects coverage provided under this Equipment Breakdown Protection Endorsement only, Exclusions B.2.a; B.2.d.(6); B.2.e. and Limitations C.1.a. and C.1.b. of the Causes Of Loss Form attached to this policy are deleted.

2. The following exclusions are added as respects coverage provided under this Equipment Breakdown Protection Endorsement only.

   We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

   . . .

   b. Depletion, deterioration, corrosion, erosion, wear and tear, and rust. However, if a "Breakdown" ensues, we will pay the ensuing loss or damage not otherwise excluded.

   c. Earth Movement including, but not limited to, earthquake; landslide; land subsidence; mine subsidence; sinkhole collapse; or volcanic action; or other rising or shifting of earth that results from, contributes

to, or is aggravated by any of the above, all whether naturally occurring or due to man-made or other artificial causes.

. . .

i.   Water

(1) Flood, surface water, waves, tides, tidal waves, tsuanmi, overflow of any body of water or their spray, all whether driven by wind or not;
(2) Mudflow or mudslide; or
(3) Water damage caused by backup of sewers, drains, or drainage piping.

all whether naturally occurring or due to manmade or other artificial causes.  However, we will pay the expenses you incur to dry out electrical "Covered Equipment" resulting from such cause of loss.  We will not pay for any other resulting loss or expense.

j.   Water damage caused by the discharge or leakage of a sprinkler system, sewer piping or domestic water piping, unless such discharge or leakage is the direct result of a "Breakdown" to "Covered Equipment". The most we will pay for such water damage is the Limit of Insurance shown in the Equipment Breakdown Protection Schedule for Water Damage.

k.   With respect to Business Income, Extra Expense or Utility Services-Time Element coverages, the following additional exclusions will apply:
(1) The business that would not or could not have been carried on if the "Breakdown" had not occurred; or
(2) Your failure to use due diligence and dispatch to operate your business on as nearly normal a basis as practicable at the Covered Premises shown in the Equipment Breakdown Protection Schedule; or
(3) The suspension, lapse or cancellation of a contract following a "Breakdown" to "Covered Equipment" extending beyond the time business could have resumed if the contract had not lapsed, been suspended or cancelled.

. . .

**F.  DEFINITIONS**

As respects coverage provided under this Endorsement only, the following are added:

1.  "Breakdown"

a. "Breakdown" means the following direct physical loss that causes physical damage to "Covered Equipment" and necessitates its repair or replacement:

    (1) Electrical failure including arcing;
    (2) Failure of pressure or vacuum equipment; or
    (3) Mechanical failure including rupture or bursting caused by centrifugal force;

unless such loss or damage is otherwise excluded within this Policy or any Endorsement forming a part of this Policy.

b. "Breakdown" does not mean or include:

    (1) Cracking of any part on an internal combustion gas turbine exposed to the products of combustion;
    (2) Damage to any structure or foundation supporting the "Covered Equipment" or any of its parts;
    (3) Damage to any vacuum tube, gas tube, or brush;
    (4) Defects, erasures, errors, limitations or viruses in "Computer Equipment", "Data", "Media" and/or programs including the inability to recognize and process any date or time or provide instructions to "Covered Equipment". However, if a "Breakdown" ensues, we will pay the ensuing loss or damage not otherwise excluded;
    (5) Functioning of any safety or protective device;
    (6) Leakage at any valve, fitting, shaft seal, gland packing, joint or connection; or
    (7) Malfunction including but not limited to adjustment, alignment, calibration, cleaning or modification.

. . .

4. "Covered Equipment"

a. "Covered Equipment" means any:
    (1) Equipment designed and built to operate under internal pressure or vacuum other than weight of contents;
    For any boiler or fired vessel, the furnace of the "Covered Equipment" and the gas passages from there to the atmosphere will be considered as outside the "Covered Equipment";
    (2) Communication equipment and "Computer Equipment";
    (3) Fiber optic cable; or
    (4) Any other electrical or mechanical equipment that is used in the generation, transmission or utilization of energy.

b. "Covered Equipment" does not meant or include any:

(1) Astronomical telescope, cyclotron used for other than medical purposes, nuclear reactor, particle accelerator used for other than medical purposes, satellites and/or spacecraft (including satellite or spacecraft contents and/or their launch sites);

(2) Catalyst;

(3) Dragline, power shovel, excavation or construction equipment including any "Covered Equipment" mounted on or used solely with any dragline, power shovel, excavation or construction equipment;

(4) Equipment or any part of equipment manufactured by you for sale.

(5) Felt, wire, screen, mold, form, pattern, die, extrusion plate, swing hammer, grinding disc, cutting blade, non-electrical cable, chain, belt, rope, clutch plate, brake pad, non-metal part or any part or tool subject to periodic replacement;

(6) Insulating or refractory material;

(7) "Media";

(8) Non-metallic pressure or vacuum equipment, unless it is constructed and used in accordance with the American Society of Mechanical Engineers (A.S.M.E.) code or a Code that has been accepted by the National Board of Boiler and Pressure Vessel Inspectors;

(9) Part of pressure or vacuum equipment that is not under internal pressure of its contents or internal vacuum;

(10) "Power Generating Equipment", unless shown as Included in the Equipment Breakdown Protection Schedule;

(11) Pressure vessels and piping that are buried below ground and require the excavation of materials to inspect, remove, repair or replace;

(12) Structure, foundation, cabinet or compartment supporting or containing the "Covered Equipment" or part of the "Covered Equipment" including penstock, draft tube or well casing;

(13) Vehicle, aircraft, self-propelled equipment or floating vessel, including any "Covered Equipment" mounted on or used solely with any vehicle, aircraft, self-propelled equipment or floating vessel.

38.     The Policy further contains an "**ELITE PROPERTY ENHANCEMENT: CAMPGROUNDS AND RECREATION VEHICLE PARKS**" endorsement.  The following provisions are included in this endorsement:

. . .

**III.     Covered Property**

The **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, Section **A. Coverage, 1. Covered Property** is amended as follows:

**A. Building – Pedestals for Utilities**

Paragraph a.(2) is deleted in its entirety and replaced with the following:

(2) Fixtures, including outdoor fixtures, except for pedestals upon which utilities for campsites are mounted.

We will pay for loss or damage to all utility pedestals in any one occurrence up to a limit of $25,000. Each occurrence is subject to a $2,500 deductible. No coinsurance shall apply to this coverage for utility pedestals.

As used here, utility pedestals mean low voltage electrical/power pedestals, including four (4) feet of underground internet, television, or telephone cable; and above ground water and sewer utility equipment.

**B. Business Personal Property**

Paragraph b., the first paragraph is amended as follows:

Your Business Personal Property located in or on the building described in the Declarations or in the open (or in a vehicle) within 1600 fee of the described premises.

. . .

**V.     Coverage Extensions**

The following are added to or are amended under the **BUILDING AND PERSONAL PROPERTY COVERAGE FORM,** Section **A. Coverage, 5. Coverage Extensions:**

. . .

**E. Outdoor Property**

Paragraph **e. Outdoor Property** is deleted in its entirety and replaced with the following:

You may extend the insurance provide by this Coverage Form to apply to the following property if located within 1600 feet of the premises described in the Declarations: your outdoor fences and netting, playground equipment, outdoor lighting, outdoor pools, court surfaces,

radio and television antennas (including satellite dishes), trees, shrubs, plants, and lawns, including the cost of debris removal, caused by or resulting from any of the following Causes of Loss:

**1.** Fire;

**2.** Lightning;

**3.** Explosion;

**4.** Riot or civil commotion;

**5.** Aircraft or vehicles;

**6.** Vandalism and malicious mischief; or

**7.** Theft.

We will also pay for loss or damage to outdoor signs, whether or not they are attached to a building, arising out of any Covered Cause of Loss.

The most we will pay for all loss or damage under this Extension is $25,000. The most we will pay for any one tree, shrub, plant or acre of lawn, including the cost of debris removal is $1,000.

. . .

**H. Business Income and Extra Expense**

This Coverage Extension applies only to the extent that separate coverage for Business Income or Business Income with Extra Expense has not been purchased at the described premises, and that neither the **BUSINESS INCOME (WITHOUT EXTRA EXPENSE) COVERAGE FORM** nor the **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM** applies to the described premises. This provision supersedes anything to the contrary.

**1.** Coverage is extended to include the actual loss of Business Income you sustain due to the necessary suspension of your operations during the period of restoration and necessary Extra Expense you incur when your covered building or business personal property listed in the Declarations is damaged by a Covered Cause of Loss.

. . .

. . .

. . .

**VI.    Exclusion Amendments**

In the **CAUSES OF LOSS SPECIAL FORM**, Section **B. Exclusions** is amended as follows:

**A.**  Subparagraph 1.**b**. **Earth Movement** is amended to include:

> (6) If Earth movement described in **b.**(1) through (5) above, results in sprinkler leakage, we will pay up to $10,000 per occurrence for loss or damage by that sprinkler leakage at all locations combined.

**B.**  Subparagraph 1.g. **Water** is amended to include:

> This exclusion does not apply to the extent that coverage is provided in Section **VII.   Additional Coverage – Sewer or Drain Back Up**, below.

**VII.    Additional Coverage – Sewer or Drain Back Up**

In the **CAUSES OF LOSS SPECIAL FORM**, the following Additional Coverage is Included:

**Additional Coverage – Sewer or Drain Back Up** is added:

Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment is included as a Covered Cause of Loss; however, we will not pay more than $25,000 in any one occurrence.

**1.**  This extension applies to all loss combined, including, but not limited to building, business personal property, personal property of others, business income and extra expense and debris removal, subject to the $25,000 per occurrence limit shown above.

**2.**  This extension does not apply to:

> **a.**  Roof drainage systems, gutters, or downspouts;
>
> **b.**  **Utility Services – Direct Damage;** or
>
> **c. Utility Service Interruption** (if coverage is applicable).

39.     In addition to the above-referenced provisions, the Policy contains additional terms, conditions, exclusions, and provisions that may exclude or otherwise impact coverage, as more fully set forth in **Exhibit 1**, and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

40.     Philadelphia restates, re-alleges, and incorporates by reference its allegations stated in paragraphs 1-34 as though fully set forth herein.

41.     This action presents a real, actual, and justiciable controversy that is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201.  A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

42.     Philadelphia has no further duty to indemnify RVGO for the Claim because there is no additional direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

43.     To the extent claims are made under any of the other coverages set forth in the Policy, these coverages also require that the loss or damage must be caused by a Covered Cause of Loss.

44.     All of the loss or damage sought by the Claim was caused directly or indirectly by excluded causes of loss under the Policy, including but not limited to Earth Movement and Water, and the amendments to these exclusions in the "**ELITE PROPERTY ENHANCEMENT:   CAMPGROUNDS AND RECREATION VEHICLE PARKS**" Endorsement are not applicable to the Claim.

45.     Therefore, there is no coverage pursuant to the Policy, regardless of any other cause or event that contributes concurrently or in any sequence to the claimed losses in the Claim.

46.     Additionally, coverage under the Policy is limited or barred for other reasons.

47.     Certain claimed losses may not relate to damage from Hurricane Helene or any covered cause of loss and, therefore, there is no coverage for that loss.

48.     Coverage under the Policy may also be barred by the failure of RVGO to comply with the Policy's "Loss Conditions," including but not limited to the "Duties in the Event of Loss or Damage."

49.     These duties are mandatory and are conditions precedent to coverage, as explicitly set forth in the Policy.

50.     To the extent coverage exists pursuant to the Policy, which is denied by Philadelphia, coverage is limited by various provisions of the Policy, including but not limited to the express limits of coverage for each claimed loss (and/or any sublimits applying thereto), applicable deductibles, and the coinsurance provisions set forth in the Policy.

51.     The Policy also does not provide coverage to for any further loss or damages sought by the Claim because the Policy contains other terms, conditions, and exclusions which otherwise preclude coverage for the Claim.

52.     Philadelphia therefore requests that this Court declare the rights, obligations, and liabilities of the parties under the Policy with respect to the claims asserted in the Underlying Action. Specifically, Philadelphia is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that it does not have an obligation to indemnify RVGO under the terms of the Policy in connection with the Claim.

**WHEREFORE,** Plaintiff Philadelphia Indemnity Insurance Company respectfully prays the Court as follows:

1.     That the Court declare and decree that the Policy does not afford coverage to the RVGO for any of the alleged loss or damages in the Claim made by RVGO;

2. That the Court declare and decree that Philadelphia is not obligated in any way to indemnify RVGO under the Policy for any damages as a result of the Claim;

3. That the costs of this action be taxed against the Defendants;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court may deem just and proper.

This the 17th day of November, 2025.

/s/ *Alexander E. Davis*
David L. Brown (N.C. State Bar No. 18942)
Alexander E. Davis (N.C. State Bar No. 51596)
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, North Carolina 27408
Telephone: 336.419.4900
Facsimile: 336.419.4950
Email: aedavis@goldbergsegalla.com
dbrown@goldbergsegalla.com

*Attorneys for Philadelphia Indemnity Insurance Company*